IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: **CHISHOLM, JOHN L.**                              CASE: 15-31011-JCO

Debtor                                                                   CHAPTER 11
_____

## MOTION FOR APPOINTMENT OF ATTORNEY FOR DEBTOR

Pursuant to §327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure**, JOHN L. CHISHOLM,** Debtor, hereby applies for authority to employ an attorney and as grounds therefore states as follows:

1.	The Applicant is the Debtor herein and wishes to employ Richard G. Perque, as attorney for the Debtor in related bankruptcy actions pending in the State of Louisiana.

2.	Mr. Perque is duly admitted to practice in the Bankruptcy Court in and for the Eastern District of Louisiana, and has experience in bankruptcy practice and is well qualified to represent the applicant.

3.	It is necessary to retain attorneys to represent the Debtor to assist in the preparation of pleadings and to investigate, analyze and take appropriate action, if required, relative to assets of the Estate and represent the Estate in conjunction with Motions, in adversary proceedings that have arisen or may arise out of the related Bankruptcy cases pending in the Bankruptcy Court in the Eastern District of Louisiana to attend Hearings, and to take any and all other necessary actions that may become necessary or appropriate.

4.	The terms of employment are as follows:  Fees for this case will be charged on an hourly basis for all work performed.  At present they are $275.00 per hour

for attorney time. Plus any direct costs incurred in the connection with the work done for the applicant, including filing fees, court reporter charges, postage, long-distance telephone charges (based upon estimates), delivery charges, travel expenses and charges for electronic computer research. Such hourly rate is subject to adjustment on a periodic basis.

5. To the best of the Applicant's knowledge and belief, the attorney has the following connections with the following persons:

(a) The Debtor : The Debtor/Applicant sought the representation of and employed the services of the attorney on or about June 30, 2015, for the purpose of representing the Applicant's interests in the bankruptcies involving 800 Bourbon Street, LLC and Louisiana Interests, LLC. The attorney's fees for this representation was paid prior to the filing of this bankruptcy. A copy of the retainer fee memorializing that arrangement is attached hereto and incorporated herein by reference.

(b) Creditors: The Attorney has had only a business relationship with any of the creditors involved in this matter.

(c) Attorneys and Accountants: To the best of the applicant's knowledge and belief the Attorney has only had a business relationship with the attorneys and accountants involved in this case.

(d) United States Trustee: The Attorney has no relationship with the Office of the United States Trustee.

(e) Other Parties in Interest: To the best of applicant's knowledge, information and belief, the attorney has no connection with any other parties in interest.

6. To the best of applicant's knowledge, information and belief, the Attorney has no connections with any of above which would be adverse to this estate and the Attorney is disinterested as required by §327 of the Bankruptcy Code.

7. The Applicant requests that he be authorized to pay any future sums due and owing due to Richard G. Perque from funds that are currently held related to the sale

of the businesses listed above.  Absent representation in the bankruptcy actions in Louisiana it will be impossible to have those funds removed from the jurisdiction of that Court and made available for the creditors of this estate.

8.	The Applicant requests that Attorney be employed as of October 2, 2015.

**WHEREFORE,** the Debtor respectfully prays that this Court will enter an Order and therein to authorize the employment and retention of Richard G. Perque under the terms and conditions set forth herein effective October 2, 2015, and for such other and further relief that this Court may deem just and proper.

Dated this the 15th day of October 2015.

/s/ **JOHN L. CHISHOLM**
John L. Chisholm

## AUTHORIZATION FOR REPRESENTATION AND ATTORNEY'S FEE AGREEMENT

Dear John L. Chisholm, Jr.

You have retained and authorized the undersigned to act as your attorney and represent you in general civil litigation.

1. We acknowledge that you will pay a retainer fee / advance deposit / cost deposit of **$5,000.00**. This payment shall be deposited into a designated client trust account and applied to the first enumerated hours of work done on your case and costs incurred as a result of representation. At all times, client agrees to maintain a minimum **$500.00** credit in their trust account. Client understands that at least eight (8) weeks prior to the final hearing, client will be required to pay, in full, the estimated total fees and costs for the final trial preparation at the final hearing. In the event of a settlement or if at the conclusion of trial, a residual credit balance remains, that amount will be refunded to client. In the event that there is a residual negative balance, client agrees to pay this difference within thirty (30) days of receipt of final statement. Client understands and agrees that failure to abide by the contractual obligation regarding the above monetary provisions shall result in the immediate withdrawal as counsel of record.

2. You will pay costs on a monthly basis, which will be applied toward any necessary court costs and attorney fees incurred in your matter and all out-of-pocket expenses incurred on your behalf. Examples of costs include, but are not limited to, in-house investigator, legal assistant or paralegal fees at their normal hourly rate of $75.00 per hour, transcriptions of depositions and hearings, long-distance telephone calls, computer-aided legal research, photocopies, facsimile service, courier services, postage, out-of-county travel expenses (including meals and lodging), services of process fees, subpoena costs, witness fees, mediator's fees, opening and closing file fees of $25.00 each, court runner fees, etc. In addition to attorney's fees, you will be responsible for the payment of all costs and out-of-pocket expenses, which are incurred, on your behalf. You may be asked to provide additional cost monies as needed. If you fail to provide adequate cost monies, you will severely hamper the effectiveness of your representation. You must understand that adequate cost monies must be on deposit with this firm to cover your necessary expenses. This firm will not advance cost monies on your behalf.

3. You agree to pay a reasonable fee for the services rendered to you. The fee for services is based upon the hourly rate of $275.00 per hour of attorney time for Richard G. Perque and $350.00 per hour of attorney time for Leslie A. Bonin (an independent contractor and limited liability company); which may be invoiced separately and directly from each attorney. Your retainer will be credited/debited against the fee. The reasonable fee shall cover and include all time spent in representing you, including (without limitation) time spent for telephone conferences (including telephone calls with you), office conference, travel research, time spent in settlement negotiations, and attendance of all court matters. Standard charges shall be incurred for all emergency telephone calls initiated by client

Initial: _/s/_  Page 1 of 6

after office hours. Client initiated telephone calls of a non-emergency basis received after office hours shall incur a surcharge of $150.00 plus regular billing in 15 minute increments (*emergency and non-emergency distinctions are made on discretionary basis by attorney*). You will <u>not</u> be billed for clerical or secretarial time. After 12 months from the date of this Agreement, the hourly amount of the retainer fee shall be adjusted from time-to-time as necessary to reflect the attorney's then current billing rate (you will receive notice of any hourly rate increase 30 days before it becomes effective to you).

4. You understand that there has been no guarantee made regarding the disposition of any phase of your case. All expressions, which relate to the possible results in your case, are based strictly on opinion. Likewise it is impossible to determine in advance the amount of time needed to complete your case. The total fees and costs to be expended in your case cannot be anticipated and assurances of what those fees and costs will ultimately be.

5. All bills for service rendered and costs incurred shall be payable by you within fifteen (15) days of the date on the billing statement. These statements will be rendered monthly as monies are due and based upon the hourly rate as quoted herein. If the billing statement remains unpaid thirty (30) days after the date thereof, then interest will be charged on all sums due and payable at the rate of 1% per month until said unpaid balance has been paid in full. In addition, you agree to carefully review all statements sent to you on all services rendered and costs incurred and to promptly notify this firm in writing of any errors or discrepancies in billing within fifteen (15) days of the date of the statement. In the event you fail to do so, it will be presumed that you agree with the correctness, accuracy and fairness of the statement. **Please carefully review each invoice. If you believe that there is an incorrect charge, contact us as soon as possible in order that we may review the invoice.**

6. As permitted by law, an award of legal fees and/or costs may be sought from the opposing party. The payment of such fees shall not be determinative of the amount owed by you. You are primarily liable for the payment of all fees and costs and any amount received or recovered on your behalf will be credited to your account. You will remain liable for any unpaid balance due. You must understand that pursuit of an award of attorney's fees on your behalf is an additional service to you. Any time required to collect the amount due from the opposing party will also be chargeable to you.

7. Representation of you in this matter will be withdrawn if you misrepresent or fail to disclose material facts, or if you fail to cooperate or follow advice as given, or if you do not make the payments required by this agreement. **If a collection agency is employed for failure to pay your account or suit filed for the collection of any sums due under this agreement, then you shall pay twenty-five percent (25%) of the total balance outstanding for attorney's fees or the actual billed attorney's fees for collection, whichever is greater; together with Court costs for collection.**

Initial: _____

8.  You understand your representation is limited to this action only and continues only through final judgment. If appellate proceedings or other post-dissolution proceedings are instituted, further fee and retainer arrangements need to be made in writing between us. If you receive the continued representation of this firm after final judgment or the initial undertaking is completed, then unless written arrangements to the contrary are made, all the provisions of this agreement shall apply and each of us shall be bound by the terms hereof.

9.  The provisions of this agreement may be disclosed to the Court in connection with any application for fees and services, which may be rendered on your behalf, and the Court may be advised by the undersigned of any amounts that have been received on account of fees and costs.

10. This agreement contains the entire understanding between us and may not be varied or modified unless in writing.

11. Client understands that this contract and the law firm's responsibility under this contract terminates upon the entry of a final judgment. In the event additional proceedings are required after the final judgment is entered, through any post trial motions, procedures, or should either party take an appeal, the parties to this contract may agree to extend this contract and client agrees to replenish his/her trust account and abide by all the same provisions as provided herein; as under a renewal in post-trial representation.

12. At the conclusion of this matter, we will retain your legal files for a period of 5 years after we close our file. At the expiration of the 7-year period, we will electronically store your files and destroy the originals unless you notify us in writing that you wish to take possession of them. We reserve the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

THUS DONE AND SIGNED this 30 day of June, 2015.

_____
RICHARD G. PERQUE, Attorney

_____
JOHN L. CHISHOLM, JR., Client

Initial: _____

## OPTIONAL CONFIDENTIAL INFORMATION DISCLOSURE

Client hereby relinquishes privileged information for Attorney to contact and discuss particular issues as it relates to the above named matter with the following persons:

_____   _____   _____
Name                             Relationship                     Telephone Number

_____   _____   _____
Name                             Relationship                     Telephone Number

_____   _____   _____
Name                             Relationship                     Telephone Number

Client hereby relinquishes privileged information for Attorney to leave voicemail messages at any provided <u>client</u> contact number regarding particular issues as it relates to the above named matter.

**\*\*CLIENT MAY REVOKE THIS OPTIONAL CONFIDENTIAL DISCLOSURE AT ANYTIME DURING OR AFTER REPRESENTATION\*\***

_____
JOHN L. CHISHOLM, JR., Client

Initial: _____                                                  Page 4 of 6

## PROCEDURES TO MINIMIZE LEGAL COSTS

We will attempt to represent you in the most time efficient manner possible and will from time to time suggest things that you can do to minimize your legal expenses. The following are some suggestions which have proved helpful to other clients and we would like to share them with you.

1. **Avoid unnecessary telephone calls.** If you have a question or information that can wait, make a note of it so that you can cover several items in one personal or telephone conference.

2. **Leave messages.** If you need to impart information, either leave the information with the secretary or with the paralegal. Attorney(s) in this office spend considerable amounts of time in court and we are frequently unable to speak with you on the telephone when you call. We will attempt to answer your questions as soon as we can reasonably do so. In most situations, you should ask to speak with the paralegal who can answer many factual questions for you and can relay information to and from the attorney(s). Every employee in this office is bound to hold confidential any information received from a client.

3. **Read everything.** You will receive copies of all documents and letters concerning your legal business which are either sent or received. You should maintain your own file which will duplicate the one which we are keeping. This will enable you to refer to the documents as necessary and will provide you with a permanent record of your case. It is important that you keep your papers together in a safe place. Our office maintains your filed for a period of five (5) years after the conclusion of your case, after which time your file may be destroyed.

4. **Make notes.** Write everything down: Questions, information, lists of pros and cons, everything. If you do, you will avoid repetition, and you will not overlook anything important.

5. **Ask questions.** You must be in a position to make informed and intelligent decisions. The only dumb question is the one you fail to ask.

We encourage you to adopt these procedures. They not only minimize expenses but, even more importantly, tend to produce better ultimate results.

Initial: _____

## OUTLINE OF MINIMUM CHARGES

The following is an outline of minimum charges which will be billed to your account for services performed. The attorney(s) feel that the charges are fair to both the client and the attorney(s). Any additional time which is not outlined below will be charged in .1 hour increments. Please note that these are the <u>minimum charges</u> for the services performed.

| SERVICES PERFORMED | MINIMUM CHARGE |
|---|---|
| Office conference | .5 hours |
| All telephone calls | .2 hours |
| Correspondence | .2 hours |
| Drafting of pleadings | .5 hours |
| Research | .5 hours |
| Deposition or document production | 1.0 hours |
| Court run for filing, reviewing, or recording pleadings and documents | .5 hours |
| Court appearance for trial or hearing | 1.0 hours |

Initial: _____